**DENIED and Opinion Filed June 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00550-CV**

**IN RE RETRACTABLE TECHNOLOGIES, INC., Relator**

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17946**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Smith

Before the Court is relator's June 2, 2023 petition for writ of mandamus wherein relator seeks relief from a trial court order making certain pre-trial determinations of law.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator's record does not comply with the Texas Rules of Appellate Procedure. The documents contained in relator's record are neither certified nor sworn copies. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Certified copies may be ordered from the appropriate court clerk. *See In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.). Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. Relator included in its petition a certification from its attorney that does not invoke the penalty of perjury stating that "the documents contained in this Mandamus Record are true and correct copies filed in their respective courts pursuant to 52.7(a)(1) of the Texas Rules of Appellate Procedure." We conclude that the attorney's certification is insufficient to make the documents included in the record sworn copies. *See In re La Energia Nortena, LLC*, No. 05-22-01272-CV, 2023 WL 3579442, at *1 (Tex. App.—Dallas May 22, 2023, orig. proceeding) (mem. op.).

Additionally, the order from which relator seeks mandamus relief refers to a relevant hearing, but relator did not include a properly authenticated reporter's record of any relevant testimony or a statement that no testimony was adduced in

connection with the matter complained. *See* TEX. R. APP. P. 52.7(a)(2). Without a sufficient record, relator has failed to carry its burden.

Accordingly, we deny relator's petition for writ of mandamus.

/Craig Smith/
CRAIG SMITH
JUSTICE

230550F.P05